UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**STEPHEN ANDREW CHINCAR,**         CASE NO. _____
                                    FLA BAR NO. 0739685
    **Plaintiff,**

v.

**PETE MOORE CHEVROLET, INC.,**

    **Defendant.**
_____/

## COMPLAINT

Plaintiff, STEPHEN ANDREW CHINCAR, hereby sues Defendant, PETE MOORE CHEVROLET, INC., and alleges:

### NATURE OF THE ACTION

1. This is an action brought under the Americans With Disabilities Act, 42 U.S.C. §§12101 et seq.

2. This is an action involving claims which are, individually, in excess of Fifteen Thousand Dollars ($15,000.00), exclusive of costs and interest.

### THE PARTIES

3. At all times pertinent hereto, Plaintiff, STEPHEN ANDREW CHINCAR, has been a resident of the State of Florida and was employed by Defendant. Plaintiff is a member of a protected class because of his actual or perceived disability.

4. At all times pertinent hereto, Defendant, PETE MOORE CHEVROLET, INC., has been organized and existing under the laws of the State of Florida. At all times pertinent to this action, Defendant has been an "employer" as that term is used under the applicable laws identified above.

5. Plaintiff has satisfied all conditions precedent to bringing this action in that Plaintiff filed a charge of discrimination with the Florida Commission on Human Relations and properly removed Plaintiff's charge therefrom. This action is timely brought thereafter. Plaintiff also filed an administrative charge of discrimination with the EEOC. This action is timely filed thereafter.

## STATEMENT OF THE ULTIMATE FACTS

6. Plaintiff was originally employed with Defendant on February 12, 2008, in sales. During his employment with Defendant, Plaintiff began having medical problems that were ultimately diagnosed as migraine headaches and near syncope. He was hospitalized and released on January 19, 2009, with a release to return to work on January 20, 2009. Plaintiff returned to work on January 20, 2009, and was told that because he had fallen asleep on the job that he need not return. Defendant was aware of Plaintiff medical condition at the time of his termination. Plaintiff's illness either rises to the level of a disability and Defendant refused to accommodate Plaintiff by allowing him time off and firing him because of his illness or Defendant regarded Plaintiff as disabled and fired him because of this perception. Plaintiff demands the full relief to which he is entitled under the laws applicable to this action including without limitation attorneys fees, costs and damages.

7.	Plaintiff has retained the undersigned to represent Plaintiff's interests in this cause and is obligated to pay her a fee for her services.  Defendant should be made to pay said fee under federal law, including fee provisions associated with the Americans With Disabilities Act.

## COUNT I

## DISABILITY DISCRIMINATION

8.	Paragraphs 1-7 are realleged and incorporated herein by reference.

9.	This is an action against Defendant for disability discrimination brought under 42 U.S.C. §§12101 et seq.

10.	Plaintiff has been the victim of discrimination on the basis of his disability or perceived disability.  During the course of Plaintiff's employment with Defendant, he was treated differently than similarly situated nondisabled/perceived-as-disabled employees.

11.	Defendant is liable for the differential treatment and its refusal to accommodate the Plaintiff which adversely affected the terms and conditions of Plaintiff's employment with Defendant.  Defendant controlled the actions and inactions of the persons making decisions affecting Plaintiff or it knew or should have known of these actions and inactions and failed to take prompt and adequate remedial action or took no action at all to prevent the abuses to Plaintiff.

12.	In essence, the actions of agents of Defendant, which were each condoned and ratified by Defendant, were disability/perceived-disability based and in violation of the laws set forth herein.

13. The discrimination complained of herein affected a term, condition, or privilege of Plaintiff's continued employment with Defendant. The events set forth herein lead, at least in part, to Plaintiff's termination.

14. Defendant's conduct and omissions constitutes intentional discrimination and unlawful employment practices based upon disability, association with a disabled person, or perceived disability, under the Americans With Disabilities Act.

15. As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other benefits. These damages have occurred in the past, are permanent and continuing.

WHEREFORE, Plaintiff demands judgment against Defendant for the following:

(a) An injunction restraining continuing violations of the laws;

(b) Reinstatement to the same position that Plaintiff held before the retaliatory personnel actions or to an equivalent position;

(c) Reinstatement of full fringe benefits and seniority rights, to the extent such were available to Plaintiff;

(d) Compensation for loss wages, benefits, and other remuneration;

(e) Damages as allowed by law;

(f) Attorney's fees, costs and cost of this action, and

(g) Any other relief deemed just and proper under the circumstances.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury on all issues herein that are so triable.

DATED this 13th day of August, 2010.

                Respectfully submitted,

                /s/ Marie A. Mattox
                Marie A. Mattox; FBN 0739685
                MARIE A. MATTOX, P. A.
                310 East Bradford Road
                Tallahassee, FL 32303
                Telephone:  (850) 383-4800
                Facsimile:   (850) 383-4801
                ATTORNEYS FOR PLAINTIFF